# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIS MICHAEL THOMAS, <br><br> Petitioner, <br><br> v. <br><br> R.K. HILL, Warden, <br><br> Respondent. | Case No. 2:19-cv-02050-ODW (AFM) <br><br> **ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION** |

In 1997, Petitioner was convicted in the Los Angeles County Superior Court of residential burglary, terrorist threats, and false imprisonment of a hostage. He is currently serving a sentence of 86 years to life. (ECF No. 1 at 2.)

In 2001, Petitioner filed a federal habeas corpus petition challenging his 1997 conviction and sentence. (Case No. 2:01-cv-1432-GHK(MAN)). That petition raised five claims for relief. On May 27, 2003, judgment was entered denying the petition on the merits. Both this Court and the Ninth Circuit Court of Appeal denied Petitioner's requests for a certificate of appealability. In addition, the Ninth Circuit subsequently denied Petitioner's request for authorization to file a second or successive petition. (*See* ECF No. 31 in Case No. 2:01-cv-1432-GHK(MAN).)

In 2005, Petitioner filed another federal habeas corpus petition challenging his

1997 conviction. (Case No. 2:05-cv-01106-GHK (MAN)). The Court dismissed the successive petition for lack of jurisdiction.

The current petition for a writ of habeas corpus, filed on March 19, 2019, again challenges Petitioner's 1997 conviction. The petition raises eight grounds for relief: (1) newly discovered evidence withheld by the prosecution exists of an interview between Petitioner and an internal affairs sergeant; (2) "courtroom misconduct by the trial judge" based upon the prosecutor's failure to answer a question posed by Petitioner during sentencing about whether she was related to his private investigator; (3) "government misconduct" by the prosecutor for failing to answer Petitioner's question whether she was related to his private investigator; (4) ineffective assistance of appellate counsel; (5) improper jury instruction; (6) actual innocence; (7) "live witness testimony for a prior conviction"; and (8) juror misconduct. (ECF No. 1 at 5-7.) Two of those grounds – namely, ineffective assistance of appellate counsel and allowing live testimony regarding a prior conviction allegation – were raised and rejected in Case No. 2:01-cv-1432-GHK(MAN).

A claim presented in a second or successive federal petition that was presented in a prior petition must be dismissed. 28 U.S.C. § 2244(b)(1). With limited exceptions, a claim presented in a second or successive federal habeas petition that was not presented in a prior petition also must be dismissed. 28 U.S.C. § 2244(b)(2)(A), (B). Moreover, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Court of Appeals, this Court lacks jurisdiction over a successive petition. *See Magwood v. Patterson*, 561 U.S. 320, 330-331 (2010); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

Here, there is no indication that Petitioner has obtained the requisite authorization from the Ninth Circuit. To the extent that Petitioner might contend that

his petition meets an exception to the bar on successive petitions, his argument must first be presented to the Court of Appeals. Further, Petitioner's allegation that he is actually innocent of the crimes for which he was convicted does not exempt him from the procedural requirements for second or successive petitions, including the statutory obligation to obtain Ninth Circuit authorization to file a second or successive petition. *See, e.g., Spencer v. Valenzuela*, 2014 WL 3362865, at *2 (C.D. Cal. July 8, 2014). Because Petitioner has not obtained authorization from the Ninth Circuit to file this second or successive petition, this Court is without jurisdiction to entertain it.[1] *See Burton v. Stewart*, 549 U.S. 147, 153 (2007).

IT THEREFORE IS ORDERED that this action be dismissed without prejudice for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 25, 2019

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Ninth Circuit Rule No. 22-3(a), when a request for authorization to file a successive petition is "mistakenly submitted" to a district court, it must be referred to the Ninth Circuit. Rule 22-3(a) also provides that a district court may refer such a petition to the Ninth Circuit when to so would serve the interests of justice. Neither circumstance is present in this case. Nevertheless, the Clerk is directed to mail petitioner a copy of Ninth Circuit Form 12 so that petitioner may file an application for leave to file a second or successive petition in the Court of Appeals.